O’Neall J.
The act of 1712, P. L. 102. directs, that the action of assumpsit shall be brought within four years, next after the cause of action, and not after. To ascertain therefore whether the plaintiff’s action is barred, the most important inquiry is, when did the cause of action accrue? When this is ascertained, the determination, whether the statute has once run out, is a mere matter of numerical calculation which can easily be made. Many of the difficulties in the cases upon the statute of limitations, have arisen from losing sight of the words of the statute, and looking to what appeared to be just and right between the parties. The Judges here, and elsewhere, have however set about the work of reform in, this respect, and are *298 now endeavoring to conform to the statute. Such a promise as will take a case o.ut of the statute of limitations, must be a good cause of action, and therefore from the time it is made, it may be fairly said, that the plaintiff’s cause of action accrues.
In the case before us, the plaintiff's action is on two notes fraudulently obtained from his possession by the defendant. The proof is however, entirely confined to one, which appears to have been due more than four years before action brought. The plaintiff’s cause of action upon it, accrued on the day on which it became due, and he is consequently barred by the statute of limitations, unless the fraud of the defendant, will prevent its operation. If the plaintiff’s action was predicated upon the defendant’s fraud, as in an action on the case for fraudulently .obtaining possession of the note, or ah action of trover for its recovery, it might then be urged, that the statute would not run if the fraud was not discovered, until within four years before action brought. For in such a case, the discovery of the fraud, would be the cause of action. So too as in the case of Harrell v. Kelly, 2 M’C. 426, where a person fraudulently obtains money belongingto another, it may be, that the statute of limitations would not bar the demand, until the expiration of four years from the discovery of the fraudulent receipt of the money. For in such a case, the discovery of the fraudulent receipt of the money, might be regarded as the cause of action; and to this extent, the case of Harrell v. Kelly is an authority in point. But unless the discovery of the fraud, can be regarded as the plaintiff’s cause of action, it cannot have the effect of preventing the operation of the statute of limitations. For to allow it to have effect in any other point of view, would be to make and allow by judicial construction, an exception to the statute of limitations, which the Legislature did not think proper to make. The plaintiff’s action is on the note, not on the fraud : his cause of action, is that the money which the defendant on a day certain, promised to pay him, is nqt paid. His right to demand payment, arose on *299 the day on which the note fell due — this is his cause of action, and more than four years from its accrual having elapsed before his action was brought, the plaintiff is barred by the statute of limitations.

Motion for new trial granted.

JohnsoN & Harper Js. concurred.